Edward J. Florio, Esq. (#25311987)
FLORIO KENNY RAVAL, L.L.P
125 Chubb Avenue, Suite 310 - N
Lyndhurst, New Jersey 07071
(201) 659-8011
Attorneys for Defendants: Irvington Police Department, Irvington Township, Det. Mitchell Molina, Det. Christopher Jenkins and Det. Brechner Jeannot

| | |
|---|---|
| SHAMIRA GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>IRVINGTON POLICE DEPARTMENT, IRVINGTON TOWNSHIP, DET. MITCHELL MOLINA, DET. CHRISTOPHER JENKINS, DET. BRECHNER JEANNOT, JOHN DOES 1-100 ET AL.,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CASE NO.: 2:26-cv-00065-ES-LDW<br><br>CIVIL ACTION |

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

**Of Counsel:**

Edward J. Florio, Esq.

**On the Brief:**

Christopher K. Harriott, Esq.

{01227246}9   00990804

## PRELIMINARY STATEMENT

DEFENDANTS, IRVINGTON POLICE DEPARTMENT, IRVINGTON TOWNSHIP, DET. MITCHELL MOLINA, DET. CHRISTOPHER JENKINS, DET. BRECHNER JEANNOT, JOHN DOES 1-100 ET AL., ("DEFENDANTS,") hereby move to dismiss the Amended Complaint of PLAINTIFF, SHAMIRA GREEN, ("PLAINTIFF,") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In short, PLAINTIFF'S present Amended Complaint is a re-hashing of the allegations contained in her prior lawsuit against these same DEFENDANTS and which was dismissed by Order dated October 3, 2024 granting Summary Judgment in favor of DEFENDANTS. As such, the present Amended Complaint is barred by New Jersey's Entire Controversy Doctrine. Moreover, even if this Court were to find that present PLAINTIFF'S Amended Complaint was somehow not barred by the Entire Controversy Doctrine, the Amended Complaint would nonetheless be subject to dismissal with prejudice as the allegations therein are barred by the applicable Statute of Limitations as the events which form the factual basis for PLAINTIFF'S Amended Complaint occurred ten (10) years ago in 2016. Accordingly, PLAINTIFF'S Amended Complaint must be dismissed with prejudice as to DEFENDANTS.

## STATEMENT OF FACTS

On February 6, 2016, DEFENDANTS JEANNOT, JENKINS and MOLINA searched Marcel Green's apartment pursuant to a warrant signed by

{01227246}10   00990804

Judge Sherry Hutchins-Henderson, J.S.C. (See EXHIBIT A and EXHIBIT D to HARRIOTT CERT.) During the search, Mr. Green and his daughters, Briana Banks and "SG," were held in the front of the apartment. (See EXHIBIT A and EXHIBIT D) to HARRIOTT CERT.) On November 14, 2019, Mr. Green filed his first Complaint on behalf of himself, Briana Banks, and "SG" as Plaintiffs and against these same DEFENDANTS. (See EXHIBIT A to HARRIOTT CERT.) On December 20, 2019, Mr. Green filed an Amended Complaint which once again listed himself and "S[G] et al" as Plaintiffs. (See EXHIBIT B to HARRIOTT CERT.) On October 3, 2024, all claims in that matter were dismissed by the Honorable Susan D. Wigenton, U.S.D.J. by way of Order granting Summary Judgment. (See EXHIBIT C to HARRIOTT CERT.)

Subsequently, PLAINTIFF filed a Complaint in this present matter against DEFENDANTS on January 5, 2026, followed by an Amended Complaint which was filed on January 21, 2026. (See EXHIBIT D to HARRIOTT CERT.) The Amended Complaint alleges a violation of PLAINTIFFF'S Fourth and Fourteenth Amendment Rights, as well as Intentional Infliction of Emotional Distress. (See EXHIBIT D to HARRIOTT CERT.)

In Count One of the Amendment Complaint, PLAINTIFF alleges that DEFENDANTS conducted an unlawful search and seizure in violation of the Fourth Amendment, that the warrant DEFENDANTS relied on was improperly executed, and that DEFENDANTS breached PLAINTIFF'S doors and intimidated occupants unlawfully. (See

EXHBIBIT D to HARRIOTT CERT.) In Count Two of the Amended Complaint, PLAINTIFF alleges that DEFENDANTS deprived her and her family of their constitutional rights to due process and equal protection under the law. (See EXHIBIT D to HARRIOTT CERT.) In Count Three of the Amended Complaint, PLAINTIFF alleges that DEFENDANTS' actions were extreme and outrages, causing severe emotional distress. (See EXHIBIT D to HARRIOTT CERT.)

## LEGAL ARGUMENT

### POINT I

**PLAINTIFF'S AMEDNED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS IT IS BARRED BY THE ENTIRE CONTROVERSY DOCTRINE.**

PLAINTIFF'S Amended Complaint fails to state a claim upon which relief can be granted as it is barred by the Entire Controversy Doctrine. As such, PLAINTIFF'S Amended Complaint should be dismissed with prejudice.

To survive a motion to dismiss, the Complaint's factual allegations must be sufficient to raise a Plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of standing, as standing is a jurisdictional matter. Polanco v. Omnicell, Inc., 988 F. Supp. 2d 451, 459 (D.N.J. 2013) (internal quotations omitted) (citing Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)). "Moreover, when

considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is 'not confined to the allegations in the complaint ... and can look beyond the pleadings to decide factual matters relating to jurisdiction.'" Id. at 458 (citing Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir.2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A plaintiff must establish his or her standing to bring a case in order for the court to possess jurisdiction over his or her claim. Id. at 459 (citing Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir.1997).

F.R.C.P. 12(b)(6) permits a party to assert via motion that the Plaintiff failed to state a claim for which relief can be granted. To survive a motion to dismiss under this rule, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).

A federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994). Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997). See Peduto v. City of North Wildwood, 878 F.2d 725, 728 (3d Cir.1989). That Act

provides in part that the "judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. §1738. In other words, "'a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'" Peduto, supra, 878 F.2d at 728 (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1986)). This requirement may be avoided only if "application of the state preclusion law would violate due process." Id.; See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482 (1982).

New Jersey's Entire Controversy Doctrine is "an equitable doctrine under New Jersey law that generally requires litigants to assert all known, transactionally related claims in one action (also called mandatory claim joinder). A party may assert the related claims in a complaint, counterclaim, crossclaim, or third-party action. Where a party fails to assert a related claim in an action, the doctrine typically precludes that party from later asserting the claim in another case." Bank Leumi USA v. Kloss, 243 N.J. 218, 227 (2020); Dimitrakopoulos v. Borrus, Goldin, Foley, Vignulo, Hyman & Stahl, P.C., 237 N.J. 91, 99 (2019); Francavilla v. Absolute Resolutions VI, LLC, 478 N.J. Super. 171, 178-79 (App. Div. 2024).

To the extent that PLAINTIFF'S present Amended Complaint

contains allegations which are identical to those already raised in the first litigation and dismissed by the Court by way of Summary Judgment, those claims are barred by the Entire Controversy Doctrine and must be dismissed. Likewise, to the extent that PLAINTIFF'S present Amended Complaint asserts claims which could have been, but were not, alleged in the first litigation, those claims are also barred by the Entire Controversy Doctrine and must be dismissed with prejudice. That prior matter was fully litigated and was the subject of an appeal, and a rehearing, before the Third Circuit Court of Appeals. PLAINTIFF has had ample opportunity to prosecute her claims and this Court has already thoughtfully considered and ruled upon such claims. For these reasons, the PLAINTIFF'S Amended Complaint fails to state a claim for which relief can be granted and must be dismissed in its entirety without prejudice.

## POINT II

### PLAINTIFF'S AMENDED COMPLAINT IS BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.

PLAINTIFF'S Amended Complaint should also be dismissed with prejudice as it is barred by the applicable statute of limitations. In short, PLAINTIFF'S Amended Complaint seeks relief from events which occurred approximately ten (10) years ago. As such, DEFEN

The statute of limitations for any claim under 42 U.S.C. §1983 claim is the state statute which limits actions for personal

injuries. Cito v. Bridgewater Tp. Police Dept., 892 F.2d 23, 25 (3rd Cir. 1989) (citing Wilson v. Garcia, 471 U.S. 261 (1985)). "In New Jersey that statute is N.J.S.A. 2A: 14-2, which provides that an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Brown v. Foley, 810 F.2d 55, 56 (3rd Cir. 1987). See also, Montgomery v. De Simone, 159 F.3d 120, 126 n. 4 (3rd Cir. 1998) ("Thus, a section 1983 claim arising in New Jersey has a two-year statute of limitations.") Actions grounded on violation of § 1983 based upon police action toward criminal suspects, such as search and seizure, arrest and interrogation, are "presumed to have accrued when the action actually occurs." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991).

Here, PLAINTIFF'S Amended Complaint alleges that her residence at 51-49 Stockman Place in Irvington, New Jersey was wrongly searched on February 6, 2016 and that she suffered certain injuries as a result thereof. As such, pursuant to New Jersey's two-year statute of limitations, PLAINTIFF was required to file her Complaint by February 6, 2018. However, her initial Complaint was not filed until January 5, 2026 and her Amended Complaint was not filed under January 21, 2026, almost ten (1) years after the allegedly wrongful search and arrest are alleged to have occurred. As such, all of the claims therein are time barred and DEFENDANTS

{01227246}16   00990804

are entitled to a dismissal of PLAINTIFFS' Amended Complaint with prejudice.

## CONCLUSION

For the reasons set forth herein, DEFENDANTS respectfully requests that PLAINTIFF'S Amended Complaint be dismissed with prejudice.

Respectfully Submitted,

FLORIO KENNY RAVAL L.L.P.

*Christopher K. Harriott, Esq.*

---

CHRISTOPHER K. HARRIOTT, ESQ.
ATTORNEYS FOR DEFENDANTS,
IRVINGTON      POLICE      DEPARTMENT,
IRVINGTON TOWNSHIP, DET. MITCHELL
MOLINA, DET. CHRISTOPHER JENKINS
and DET. BRECHNER JEANNOT.

DATED:    March 3, 2026

{01227246}17   00990804